# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
PROBATION OFFICE

**SCOTT M. MORSE, SR.**

CHIEF PROBATION OFFICER
Thomas S. Foley
United States Courthouse
920 W Riverside, Room 540
PO BOX 306
SPOKANE, WA 99210-0306
(509) 742-6300 / fax (509) 742-6339

REPLY TO  Yakima

August 2, 2013

**BRANCH OFFICES**

FEDERAL BUILDING
25 S. 3rd Street, Room 326
PO BOX 1791
YAKIMA, WA 98907-1791
(509) 574-5535 / fax (509) 574-5539

FEDERAL BUILDING
825 Jadwin Ave, Suite 170
RICHLAND, WA 99352-0446
(509) 943-8130 / fax (509) 943-8139

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG - 9 2013

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

The Honorable James P. Hutton
U.S. Magistrate Judge
U.S. Federal Building
25 South Third Street, First Floor
Yakima, WA 98901

RE: **Petition/Request for Modification of Release Conditions**
**United States v. Jason Jordan**
**2:12CR02079-001**

Your Honor:

On October 10, 2012, the above-named defendant, Jason Jordan, was charged through an indictment with count 1: Conspiracy, in violation of 18 U.S.C. § 371 and counts 2 through 7: Trafficking in Counterfeit Goods, a violation of 18 U.S.C. §§ 2320(a) and 2. The defendant made an initial appearance before a U.S. Magistrate Judge on October 15, 2012. At this hearing, the government requested conditions of release be imposed upon the defendant, however, the defendant was ultimately allowed to remain on release on his own personal recognizance.

On June 12, 2013, the defendant appeared before Chief Judge Rosanna Malouf Peterson and entered a guilty plea to count 1: Conspiracy, a violation of 18 U.S.C. § 371, as contained in the indictment. Pursuant to the defendant's guilty plea, a presentence report was ordered. This officer has been assigned the responsibility of preparing that presentence report.

As part of the presentence investigation, the defendant participated in a personal interview on July 2, 2013. During that interview, the defendant disclosed a longstanding history of substance abuse, involving both marijuana and alcohol. Prior to his arrest in the instant offense, the defendant admitted he was using marijuana on a regular basis. Currently, he reported he consumes alcohol on a daily basis. He advised this officer that he tries not to drink alcohol during the day, so that he is not driving under the influence, but admitted that

**Jordan, Jason**
**August 2, 2013**
**Page 2**

he does do so on occasion. He also admitted he has considered getting into an alcohol treatment program, but felt guilty spending any additional time away from his children.

As the interview progressed, the defendant noted that he has been in a "downward spiral" and has not given much thought to his substance abuse circumstances. He also reported a history of suffering from both anxiety and depression, which has worsened as a result of his legal situation. He was diagnosed with anxiety in October 2012 and is taking medication for that condition, which has been prescribed by his family physician. He later realized he was suffering from depression, but admitted he has chosen not to seek treatment because he is concerned about the effects of the medication and does not want to feel "loaded up." Mr. Jordan noted he would like the opportunity to speak with a mental health provider about his depression but, again, did not want to take time away from his family.

Upon the completion of the presentence interview, this officer noted that a substance abuse evaluation and a mental health evaluation would be extremely helpful to the Court, the Bureau of Prisons, and the U.S. Probation Office. The defendant initially agreed and noted he would be willing to obtain those evaluations.

During the presentence investigation, this officer has spoken with the defendant's wife who referred to the entire legal process involving the instant offense as "overwhelming" and noted the defendant has changed as a result. She described him as "different" and acknowledged that he has been "drinking quite a bit." She noted she would support the defendant obtaining both a substance abuse evaluation and a mental health evaluation as part of the presentence investigation.

This officer later contacted defense counsel to determine whether counsel had been able to further discuss the matter with Mr. Jordan, and to advise defense counsel the United States Probation Office would not be able to assist Mr. Jordan with setting up or paying for the assessments because he is not on pretrial supervision. Defense counsel spoke with Mr. Jordan again and later advised this officer Mr. Jordan was willing to seek a substance abuse evaluation on his own, but no longer believed a mental health evaluation was necessary or would be beneficial. Defense counsel has also noted that Mr. Jordan will not be willing to consent to a modification of his release conditions, as proposed by this officer.

Rule 32(d)(2)(A) of the Federal Rules of Criminal Procedure indicates the presentence report must contain the defendant's history and characteristics including any circumstance affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment. Certainly the nature of the defendant's substance abuse issues, as well as his mental health status, are both circumstances affecting the defendant's behavior which may be helpful in imposing sentence, including special conditions of any post conviction supervision.

Jordan, Jason
August 2, 2013
Page 3

The Court could consider placing the defendant on pretrial release supervision and imposing conditions which required the defendant to completed the desired evaluations. Such a scenario would allow the U.S. Probation Office to financially assist Mr. Jordan, if appropriate. The Court could also order the defendant to seek the desired evaluations and sign the necessary release forms for the evaluations to be provided to the U.S. Probation Office, without the benefit of pretrial supervision.

As there is not currently a condition in place allowing the defendant to be drug tested, this officer seeks from the Court an order authorizing the collection of a urine sample from the defendant to confirm his claim that he is drug free.

This officer would ask the Court to consider these circumstances and schedule a hearing to address which conditions, if any, would be appropriate to impose upon the defendant.

                              Respectfully submitted,

                              Scott M. Morse, Sr.
                              Chief U.S. Probation Officer

| | By: | s/Jennifer M. Dykstra | 08/02/2013 |
|---|---|---|---|
| | | Jennifer M. Dykstra | Date |
| | | U.S. Probation Officer | |

Approved By:

| s/Scott M. Morse, Sr. | 08/02/2013 |
|---|---|
| Scott M. Morse, Sr. | Date |
| Chief U.S. Probation Officer | |

JMD/jmd